IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01892-BNB

ANTONIO FLORES-MARTINEZ,

    Plaintiff,

v.

ET AL FCI, Federal Correctional Institution, Florence, Colorado,
WARDEN T. K. COZZA-RHODES,
OFFICER PRICE,
MEDICAL STAFF SANTINI, MD, Staff Physician, and
M. KELLAR, Administrator, Health Services,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Antonio Flores-Martinez, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Flores-Martinez filed *pro se* a Prisoner Complaint (ECF No. 1). The court must construe the Prisoner Complaint liberally because Mr. Flores-Martinez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Flores-Martinez will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint is deficient. For one thing, it is not clear exactly who Mr. Flores-Martinez is

suing because he improperly uses "et al." in the caption of the Prisoner Complaint. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name."

In addition, the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Flores-Martinez fails to provide a short and plain statement of his claims showing that he is entitled to relief. Mr. Flores-Martinez alleges that he was subjected to discrimination, harassment, and intimidation by Defendant Officer Price, and he specifically refers to one incident that occurred on May 8, 2013. However, it is not clear what specific claim or claims Mr. Flores-Martinez is asserting against Defendant Price or any other Defendant in this action because he makes only vague references to the Americans with Disabilities Act and a provision of the Federal Tort Claims Act without alleging specific facts in support of any claims under those acts. In addition, although Mr. Flores-Martinez indicates he is asserting a claim or claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), he does not specifically assert any constitutional claims against any Defendants in the Prisoner Complaint. "Under *Bivens*, an individual has a cause of action *against a federal official* in his individual capacity for damages arising out of the official's violation of the United States Constitution *under color of federal law or authority*." *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (emphasis in original).

For these reasons, Mr. Flores-Martinez must file an amended complaint if he wishes to pursue any claims in this action. Mr. Flores-Martinez must identify, clearly and concisely and in plain language, who he is suing, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's

action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Flores-Martinez file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Flores-Martinez shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Flores-Martinez fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED July 18, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge